JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**09 CV 3901**

------------------------------------------------x
BRIAN KUCICH and ALISON KUCICH,

                Plaintiffs,

     v.

360 BROOKLYN INVESTORS, LLC and
LAMPIASI & ASSOCIATES LLP,

                Defendants.
------------------------------------------------x

**CIVIL ACTION COMPLAINT**



Plaintiffs Brian Kucich and Alison Kucich (collectively, the "Purchasers"), by and through their undersigned attorneys, Seyfarth Shaw, LLP, hereby set forth their Verified Complaint against Defendant 360 Brooklyn Investors, LLC ("360" or the "Seller") and Lampiasi & Associates LLP ("Lampiasi"), as escrow agent, as follows:

### PRELIMINARY STATEMENT

1.     This is an action by the Purchasers to revoke a contract for the sale of a residential condominium unit and to recover the deposit made there under from the Seller. The Purchasers' claim is made under Title 15, § 17 of the United States Code, also known as the Interstate Land Sales Full Disclosure Act ("ILSFDA").

### PARTIES

2.     On information and belief, defendant 360 is a Delaware limited liability company with offices located at 86 Chambers Street, Suite 704, New York, New York 10007. 360 is the developer and the sponsor under a condominium offering plan for One Brooklyn Bridge Park Condominium (the "Condominium"), located at 360 Furman Street, Brooklyn, New York 11201

(the "Building"), which is being newly constructed by defendant 360. The Condominium is to contain over 400 residential condominium units.

3. The Purchasers are individuals who at all relevant times resided at 15 Broad Street, New York, New York.

4. Upon information and belief, at all relevant times hereto, Defendant Lampiasi was a New Jersey Limited Liability Partnership with a place of business at 86 Chambers Street, New York, New York. Lampiasi is sued herein only as the escrow agent for the Seller.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the claim in the underlying matter is a question of federal law brought pursuant to ILSFDA, 15 U.S.C. § 1701 *et seq.*

6. The Court also has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the Seller and the Purchasers reside within this District and a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

8. On or about July 2, 2007, the Purchasers, entered into a contract (the "Unit 215 Contract") dated July 2, 2007 with 360, as seller, for the purchase of Apartment Unit 215 ( "Unit 215") of the proposed Condominium. The Purchasers also entered into a separate contract (the "Cabana Contract") with 360 on or about July 3, 2007 for the purchase of Cabana No. T-5 (the

2

"Cabana") of the proposed Condominium (the Unit 215 Contract and the Cabana Contract are collectively referred to hereinafter as the "Contract").

9. On or about July 2, 2007, the Purchasers delivered to 360 a personal check in the amount of $287,000 in payment of the deposit required under the Unit 215 Contract, and on or about July 3, 2007, the Purchasers delivered to 360 a personal check in the amount of $14,500 in payment of the deposit required under the Cabana Contract (the deposits under the 215 Contract and the Cabana Contract are collectively referred to hereinafter as the "Deposit").

10. Unit 215 and the Cabana were not constructed at the time the Contract was executed by the Purchasers and 360.

## COUNT I

### (Interstate Land Sales Full Disclosure Act)

11. The allegations of paragraphs 1 through 9 are repeated and incorporated herein by reference.

12. The Condominium is to consist of more than 400 condominium units.

13. 360 has not registered the Condominium with the Interstate Land Sales Registration Division of the United States Department of Housing and Urban Development, as required by 15 U.S.C. § 1704 of ILSFDA.

14. The Contract does not obligate 360 to erect the Unit, the Cabana or the Building within a period of two years following the execution of the Contract.

15. The Condominium is not exempt from the registration and disclosure requirements of ILSFDA.

16. Section 1703(a)(1)(B) of ILSFDA required 360 to deliver to the Purchasers a property report in connection with the sale of Unit 215 and the Cabana prior to the execution of the Contract, the contents of which property report are governed by §1707 of ILSFDA. 360

failed to deliver such property report to Kucich prior to the execution of the Contract, in violation of ILSFDA, or any time thereafter.

17. 360 also violated §1703(c) of ILSFDA by failing to make the following mandatory disclosures in the Contract:

> In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by [ILSFDA] and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right;

18. 360 also violated §1703(d) of ILSFDA by failing to make the following mandatory disclosures in the Contract:

> Any contract or agreement which is for the sale or lessee of a lot no exempt under section 1702 of this title and which does not provide --
>
> > (1) a description of the lot which makes such lot clearly identifiable and which is in a form acceptable for recording by the appropriate public official responsible for maintaining land records in the jurisdiction in which the lot is located;
>
> > * * * * *
>
> > (3) that, if the purchaser or lessee loses rights and interest in the lot as a result of a default or breach of the contract or agreement which occurs after the purchaser or lessee has paid 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, the seller or lessor (or successor thereof) shall refund to such purchaser or lessee any amount which remains after subtracting (A) 15 per centum of the purchase price of the lot, excluding any interest owed under the contract or agreement, or the amount of damages incurred by the seller or lessor (or successor thereof) as a result of such breach, whichever is greater, from (B) the amount paid by the purchaser

4

> or lessee with respect to the purchase price of the lot, excluding any interest paid under the contract or agreement,
>
> may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement.

19. The offer for sale and contract for sale of Unit 215 and the Cabana (collectively, the "Unit") was effectuated by 360 using the means or instruments of communication in interstate commerce, to wit, the telephone, and the mail.

20. More than 180 days have elapsed after signing the Contract and 360 has failed to deliver to Purchaser a warranty deed for the Unit or a deed that warrants 360 has not conveyed the Unit to another person and that the Unit is free from encumbrances made by 360 or any other person claiming by, through or under 360, or any other deed for the Unit.

21. Sections 1703(c) and 1703(d) of ILSFDA empower the Purchasers to revoke the Contract within two years of execution thereof as a result of 360's violation of §§ 1703(a)(1)(B), and § 1703(e) of ILSFDA entitles the Purchasers to recover, among other things, from 360 the full amount of the Deposit made by the Purchasers under the Contract.

22. By letter dated January 28, 2009, the Purchasers: (i) notified 360 of their election to revoke the Contract in accordance with §§ 1703(c) and 1703(d) of ILSFDA; and (ii) demanded from 360 the immediate refund of the Deposit made under the Contract pursuant to 1703(e) of ILSFDA.

23. Purchasers have timely and effectively exercised their right to revoke the Contract.

24. As of the date hereof and in further violation of ILSFDA, 360 has failed or refused to recognize Purchasers' revocation of the Contract and has failed to refund the Deposit.

25. Section 1709 of ILSFDA entitles the Purchasers to bring a legal action against 360 to enforce the Purchasers' rights to revoke the Contract pursuant to both § 1703(c) and §1703(d) of ILSFDA, and to recover the Deposit made under the Contract pursuant to § 1703(e) of ILSFDA, together with interest, court costs and reasonable amounts for attorneys' fees pursuant to §1709(c) of ILSFDA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Brian Kucich and Alison Kucich request that this Court enter a judgment in their favor and against Defendant 360 Brooklyn Investors, LLC: (i) finding that the Contract for the sale of Unit 215 and the Cabana is not exempt from the Interstate Land Sales Full Disclosure Act and 360 was in violation thereof by entering into the Contract with Purchasers; and (ii) revoking the Contract and awarding the Purchasers a judgment in the amount of the Deposit together with prejudgment interest, court costs and reasonable attorneys' fees, in accordance with §1709(c) of ILSFDA.

SEYFARTH SHAW LLP

By_____
David Monachino (DM 1527)
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Plaintiffs
Brian and Alison Kucich

Dated: April 17, 2009